1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KOHEN DIALLO E. UHURU,                    No.  2:23-cv-1380 TLN DB P

12                    Plaintiff,

13          v.                                 FINDINGS AND RECOMMENDATIONS

14   DANIEL E. CUEVAS, et al.,

15                    Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18   U.S.C. § 1983.  Plaintiff claims that defendants violated his right to be free of cruel and unusual

19   punishment in violation of the Eighth Amendment.  Presently before the court is plaintiff's

20   motion to proceed in forma pauperis (ECF No. 2) and his motion for preliminary injunction (ECF

21   No. 7).  For the reasons set forth below, the undersigned will recommend that the motions be

22   denied.

23                            **IN FORMA PAUPERIS**

24   **I.      In Forma Pauperis Statue**

25          The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize

26   the commencement and prosecution of any suit without prepayment of fees by a person who

27   submits an affidavit indicating that the person is unable to pay such fees.

28   ////

1    However,

> [i]n no event shall a prisoner bring a civil action . . . [in forma
> pauperis] if the prisoner has, on 3 or more prior occasions, while
> incarcerated or detained in any facility, brought an action or appeal
> in a court of the United States that was dismissed on the grounds that
> it is frivolous, malicious, or fails to state a claim upon which relief
> may be granted, unless the prisoner is under imminent danger of
> serious physical injury.

28 U.S.C. § 1915(g).

This "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 135 S. Ct. 1759, 1762 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007) (brackets in original)).  If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury.  See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007).  To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed.  See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055.

**II.     Has Plaintiff Accrued Three Strikes?**

A review of actions filed by plaintiff reveal that plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless he was, at the time the complaint was filed, under imminent danger of serious physical injury.  Judges have previously found that plaintiff has accrued at least three strikes.  See Uhuru v. Eldridge, No. 2:19-cv-1119 KJN P, 2020 WL 3100257 (E.D. Cal. June 11, 2020); Uhuru v. Paramo, No. 3:17-cv-0960 GPC BGS, 2017 WL 2312224 (S.D. Cal. May 26, 2017).  The court takes judicial notice of those cases and plaintiff's prior filings described therein.  MCIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986) (A court may take judicial notice of its own records and the records of other courts).  Those cases include: (1) Diallo v. Yarborough, No. 2:03-cv-5401 JVS VBK (C.D. Cal. Feb. 5, 2004) (granting defendants' motion to dismiss and stating, "[t]he allegations in the Complaint [were] insufficient to state a claim against each individual defendant . . ."); (2) Diallo v.

2

Moskowitz, No. 2:07-cv-7109 JVS VBK (C.D. Cal. June 1, 2009) (granting defendants' motion

to dismiss and dismissing the complaint with prejudice); (3) Diallo v. Greenman, No. 2:07-cv-

2937 JVS VBK (C.D. Cal. Sept. 21, 2009) (dismissing the amended complaint with prejudice

upon finding the allegations insufficient to state a federal civil rights claim).  The strikes

described all occurred prior to plaintiff's initiation of the present action on June 30, 2023.[1]

### III.   Does Plaintiff Meet the Imminent Danger Exception?

Because plaintiff has accrued three strikes, plaintiff is precluded from proceeding in forma

pauperis in this action unless he is "under imminent danger of serious physical injury."  28 U.S.C.

§ 1915(g).  The availability of the imminent danger exception turns on the conditions a prisoner

faced at the time the complaint was filed, not at some earlier or later time.  See Andrews, 493

F.3d at 1053.  "[A]ssertions of imminent danger of less obviously injurious practices may be

rejected as overly speculative or fanciful."  Id. at 1057 n.11.  Imminent danger of serious physical

injury must be a real, present threat, not merely speculative or hypothetical.  To meet his burden

under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical

injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury."

Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).  "Vague and utterly conclusory

assertions" of harm are insufficient.  White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir.

1998).  That is, the "imminent danger" exception is available "for genuine emergencies," where

"time is pressing" and "a threat . . . is real and proximate."  Lewis v. Sullivan, 279 F.3d 526, 531

(7th Cir. 2002).

The court has reviewed plaintiff's complaint.  (ECF No. 1.)  Therein plaintiff alleges that

officers used excessive force against him during a cell extraction prior to an illegal placement in a

mental health crisis bed when he was not suicidal.  (Id. at 5.)  He also alleges that (1) he has been

denied a religious diet; (2) been deprived of fresh air and (3) was forced to sleep in soiled clothes

for weeks because he was denied incontinence supplies.  (Id.)

---

[1] Under the prison mailbox rule, a document is deemed served or filed on the date a prisoner signs the document and gives it to prison officials for mailing.  See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prison mailbox rule); Campbell v. Henry, 614 F.3d 105, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).

Plaintiff further states that he is "the Founder/Professor/Spiritual Leader/and Priest for all participants in the practice of the Nubian Israelite Religion" and his "spiritual and religious exegisis [sic] and liturgy is being denied with prejudice under color state law." (Id. at 6.)  He demands to be "acknowledged and recognized by [his] correct designation of 'priest' which is [his] proper pronoun."  He further states that defendants have prevented him from practicing his religion.  (Id.)

At the outset the court notes that the complaint contains conclusory statements that defendants violated plaintiff's rights without providing factual allegations indicating what actions defendants took that caused those rights violations.  As stated above, vague and conclusory assertions of harm are insufficient to meet the imminent danger standard.  White, 157 F.3d at 1231-32.

The court also notes that plaintiff has raised similar allegations in prior cases, and it was determined that such allegations were insufficient to meet the imminent danger exception.  See Uhuru v. Mancusi, No. 2:20-cv-2088 KJM KJN P, 2021 WL 2622087, at *3-4 (E.D. Cal. June 25, 2021) (finding allegations of lack of fresh air and outdoor exercise, together with his claims that he was denied the ability to practice his Nubian Hebrew Israelite religion were insufficient to meet imminent danger exception), findings and recommendations adopted in full, 2021 WL 4442745 (E.D. Cal. Sept. 28, 2021); Uhuru v. Rao, No. 2:20-cv-1613 DB P, 2021 WL 1884997, at *2 (May 11, 2021) (finding allegations that defendants prevented him from practicing his religion by denying him a single cell and the ability to fast during holy fast days were insufficient to meet imminent danger exception); Uhuru v. Velasquez, No. 2:20-cv-1267 JAM DB P, 2021 WL 619768, at *2 (E.D. Cal. Jan 6, 2021) (vague and conclusory allegations related to practice of religion, solitary in-cell worship, denial of outdoor exercise insufficient to meet imminent danger exception).

Additionally, the court finds the allegations related to defendants' alleged failure to provide plaintiff with unsoiled clothes and other hygiene items is not sufficient to meet the imminent danger exception because plaintiff has not explained how the denial has placed him in danger.  Turner v. California, No. 3:19-cv-2363 BAAS LL, 2020 WL 804889, at *3 (S.D. Cal.

1    Feb. 18, 2020) (finding plaintiff's failure to "explain how the denial of his right to 'personal

2    hygiene' placed him imminent danger" at the time he filed the complaint insufficient to meet

3    imminent danger exception).

4           Similarly, plaintiff's allegation that defendants used excessive force against him on an

5    unspecified date is not sufficient to meet the imminent danger exception.  Taylor v. Carter, No.

6    1:13-cv-1155 SAB (PC), 2014 WL 11774844, at *1 (E.D. Cal. May 5, 2014) (finding plaintiff's

7    allegations of "excessive force, retaliation, and due process allegations arising from his placement

8    and retention in administrative segregation" failed to show plaintiff was in imminent danger at the

9    time the complaint was filed); Driver v. Pohovich, No. 2:22-cv-1672 DB P, 2023 WL 2394154, at

10   *2 (E.D. Cal. Feb. 1, 2023)  (finding allegations of excessive force that occurred approximately

11   two months prior to plaintiff filing the complaint failed to meet imminent danger exception).

12          Accordingly, the court finds that that the allegations in the complaint fail to show that

13   plaintiff was in imminent danger at the time the complaint was filed in this action.  The court will

14   therefore recommend that plaintiff's request to proceed in forma pauperis be denied.

15                        **MOTION FOR PRELIMINARY INJUNCTION**

16          Plaintiff has filed a motion seeking a preliminary injunction.  (ECF No. 7.)  Therein

17   plaintiff requests an order from the court:

18                  enjoining the defendants . . . from using illegal stacking with
                    redundant, repetitive rules violation reports (RVRs) which are
19                  reprehensible under color of state law denying the plaintiff's
                    constitutional rights to practice his Nubian Hebrew Israelite Religion
20                  of solitary single cell worship to avoid all coprophilia and voyeurism
                    mandated through the exegesis and uturgy [sic] pursuant to ablutions
21                  seven times a day and night due to permanent incontinence, Holy
                    Fastings especially during the entire month of August whereby this
22                  plaintiff is presently suffering from cruel and unusual punishments
                    through malfeasance causing decompensation, denials of appropriate
23                  accommodations such as weight checks for not eating for more than
                    six days, with continuous denials of medical services for medical
24                  supplies with required signatures of receipt for diapers pursuant to
                    California Code of Regulations Title 15, [] § 3999.99 CDCR 7536
25                  Forms.

26   (ECF No. 7 at 1-2.)  He further requests that all defendants be restrained from "all

27   RVRs denying plaintiff's solitary single cell worship for his NHI Religion with Holy

28   Fasting, and mental health treatment at EOP level of care, DSH, and MDO civil

                                                    5

1 | commitment.  (Id. at 2.)

2 | **I.      Legal Standards Relative to Injunctive Relief**

3 | A party requesting preliminary injunctive relief must show that "he is likely to succeed on
4 | the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the
5 | balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v.
6 | Natural Res. Def. Council, 555 U.S. 7, 20 (2008).  The propriety of a request for injunctive relief
7 | hinges on a significant threat of irreparable injury that must be imminent in nature.  Caribbean
8 | Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

9 | Alternatively, under the so-called sliding scale approach, as long as the plaintiff
10 | demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the
11 | public interest, a preliminary injunction may issue so long as serious questions going to the merits
12 | of the case are raised and the balance of hardships tips sharply in plaintiff's favor.  Alliance for
13 | the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the
14 | "serious questions" version of the sliding scale test for preliminary injunctions remains viable
15 | after Winter).

16 | The principle purpose of preliminary injunctive relief is to preserve the court's power to
17 | render a meaningful decision after a trial on the merits.  See 9 Charles Alan Wright & Arthur R.
18 | Miller, Federal Practice and Procedure § 2947 (3d ed. 2014).  Implicit in this required showing is
19 | that the relief awarded is only temporary and there will be a full hearing on the merits of the
20 | claims raised in the injunction when the action is brought to trial.

21 | In cases brought by prisoners involving conditions of confinement, any preliminary
22 | injunction must be narrowly drawn, extend no further than necessary to correct the harm the court
23 | finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."
24 | 18 U.S.C. § 3626(a)(2).  Further, an injunction against individuals not parties to an action is
25 | strongly disfavored.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110
26 | (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in

27 |
28 |

6

1    which he is not designated as a party . . . .").[2]

2       Further, preliminary injunctive relief is not appropriate until the court finds that the

3    plaintiff's complaint presents cognizable claims.  See Zepeda v. United States Immigration Serv.,

4    753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal

5    jurisdiction over the parties and subject matter jurisdiction over the claim; [however] it may not

6    attempt to determine the rights of persons not before the court.").

7    **II.    Analysis**

8       Plaintiff has restated the legal standards applicable to the issuance of preliminary

9    injunctions (ECF No. 7 at 4) but has failed to articulate the irreparable harm he will suffer should

10   the court deny the motion.  Caribbean Marine Servs. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir.

11   1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a

12   preliminary injunction.").

13      Additionally, plaintiff seeks an order from this court directing prison officials to allow

14   him to be single celled.  However,it is well settled that prisoners have no constitutional right to

15   placement in any particular prison, to any particular security classification, or to any particular

16   housing assignment.  See Olim v. Wakinekona, 461 U.S. 238, 245 (18983); Meachum v. Fano,

17   427 U.S. 215, 225 (1976); Montayne v. Haymes, 427 U.S. 236, 242 (1976).  Accordingly, the

18   undersigned will recommend that plaintiff's motion for a preliminary injunction be denied.

19                          **CONCLUSION**

20      For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

21      1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be denied;

22   ////

23

---

24   [2] However, the fact that injunctive relief is sought from one not a party to litigation does not
25   automatically preclude the court from acting.  The All Writs Act, 28 U.S.C. § 16519(a) permits
     the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the
26   usages and principles of law."  The All Writs Act is meant to aid the court in the exercise and
     preservation of its jurisdiction.  Plum Creek Lumber Co. v. Hutton, 608 F.2d 1283, 1289 (9th Cir.
27   1979).  The United States Supreme Court has authorized the use of the All Writs Act in
     appropriate circumstances against persons or entities not a party to the underlying litigation.
28   United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

2. The court find plaintiff accrued three strikes under 28 U.S.C. § 1915(g) prior to filing this action;

3. The court order plaintiff to pay the $402 filing fee in order to proceed in this action; and

4. Plaintiff's motion for preliminary injunction (ECF No. 7) be denied.

These findings and recommendations will be submitted to the United States District Judge Assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in a waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 28, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/uhur1380.scrn.3strikes+pi

8